UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEC FROMBERG,
        Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,
        Defendant.

CIVIL ACTION
NO. 14-12503-WGY

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                                              June 13, 2014

BACKGROUND

Alec Fromberg, a resident of Natick, Massachusetts, filed a pro se complaint naming as defendant the Social Security Administration. See Complaint ("Compl."), Docket No. 1. With the complaint, plaintiff filed (1) an Application to Proceed Without Prepayment of Fees; (2) a request for this Court to order the defendant to remove the "ban" that was "wrongly placed" against plaintiff; (3) a request for this Court to enter a "no harassment" order; and (4) a motion for appointment of counsel. See Docket Nos. 2-4, 6.

As best can be gleaned from the complaint, plaintiff receives social security benefits. However, the benefits are not disbursed to plaintiff directly, but to a representative payee. On October 4, 2013, plaintiff was told that his benefits would be paid directly to him as payee. Now plaintiff complains that his request was disregarded and his benefits are not paid directly to him. Plaintiff seeks "damages for the discrimination as well as [(1) an] order for the homeland to not bother [plaintiff, (2) for] Mr. Hart to not have contact with [plaintiff, and (3) for plaintiff's] money to be given back to [plaintiff]."

IN FORMA PAUPERIS REVIEW

With the complaint, plaintiff filed an Application to Proceed Without Prepayment of Fees. Based upon plaintiff's financial disclosures, plaintiff has sufficiently demonstrated he is

without funds to pay the $400.00 administrative and filing fees. The Court will allow him to proceed in forma pauperis.

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In conducting the preliminary screening, plaintiff's complaint is construed generously. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595–96, 30 L. Ed. 2d 652 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). The court reads plaintiff's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), due to his pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. at 520)). However, even under a generous reading, this action may be subject to dismissal.

## DISCUSSION

The United States is generally immune from suit. United States v. Bormes, 568 U.S. ——, ——, 133 S.Ct. 12, 16, 184 L.Ed.2d 317 (2012) ( "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.' " (quoting United States v. Nordic Village, Inc., 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992))).

Moreover, a Bivens action[1] may not be brought against the United States and other federal governmental agencies or entities, such as the Social Security Administration. FDIC v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (declining to extend Bivens remedy to federal agencies).

To the extent plaintiff seeks to have this court review the appointment of a representative payee, there is no "final decision" of the Commissioner of Social Security before this Court. A decision becomes final only after a claimant has exhausted all administrative remedies,[2] which culminates with a decision by the Appeals Council on the merits or denying review. See Schweiker v. Chilicky, 487 U.S. 412, 424 (1988); Bowen v. City of New York, 476 U.S. 467, 472 (1986).

Federal courts lack jurisdiction to review decisions on claims arising under the Social Security Act ("SSA") unless a "final decision" has been rendered. See 42 U.S.C. §§ 405(g),[3]

---

[1] In Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court established a direct cause of action against federal officials for violations of the federal constitution.

[2] Although the exhaustion requirement is waivable by the Secretary, if "he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief sought is beyond his power to confer", Mathews v. Eldridge, 424 U.S. 319, 330 (1976), Plaintiff does not allege that the Commissioner has waived the exhaustion requirement in this case.

[3] Section 405(g) provides, in relevant part, that:

> Any individual, <u>after any final decision</u> of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

(h).[4]

The jurisdictional bar of Section 405(h) has been broadly interpreted to apply to a party's claim regardless of whether the individual challenges the SSA's action on evidentiary, rule-related, statutory, constitutional, or other legal grounds. Corliss v. Barnhart, 225 F. Supp. 2d 104, 108-109 (D. Mass. 2002) (§ 405(h) channels virtually all legal attacks through the agency before judicial review may occur). Here, the complaint is silent as to his exhaustion of his administrative remedies. Thus, it appears this Court lacks subject matter jurisdiction over plaintiff's complaint.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees is allowed.

2. Plaintiff's Motion to Appoint Counsel is denied.

3. Plaintiff's Motion to Lift Ban is denied.

4. Plaintiff's Motion for No Harassment Order is denied.

5. If plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, show good cause why it should not be dismissed or file an amended complaint. Failure to comply with this directive will result of dismissal of this

---

[4]Section 405(h) provides that:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter</u>.

42 U.S.C. § 405(h) (emphasis added).

action without prejudice.

SO ORDERED.

                                                /s/ William G. Young  
                                                WILLIAM G. YOUNG  
                                                UNITED STATES DISTRICT JUDGE